Case 11-10776   Doc 23   Page 1 of 4

FILED
March 17, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

0003354834

GLOBAL CAPITAL LAW, PC
GARY HARRE, CBN# 86938
DIANE BEALL, CBN# 86877
8700 WARNER AVE, SUITE 200
FOUNTAIN VALLEY, CA 92708
TELEPHONE: (714) 907-4182
FACSIMILE: (714) 907-4182
EMAIL: globalcapitallaw@gmail.com

Attorney for Debtor
    FAM TR FARRINGTON

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**FRESNO DIVISION**

| | |
|---|---|
| In Re:<br><br>    FAM TR FARRINGTON,<br><br>                  Debtor(s) | Case No.  11-10776-A-7F<br><br>DC No. RHT-1<br><br>**CHAPTER 7**<br><br>**DEBTOR'S OBJECTION TO TRUSTEE'S MOTION TO DISMISS CHAPTER 7 PROCEEDINGS**<br><br>**11 U.S.C. §109 AND §101**<br><br>**HON. WHITNEY RIMEL**<br><br>Date:  April 6, 2011<br>Time:  9:00 AM<br>Dept:   A<br><br>2500 Tulare Street, Suite 2501<br>Fresno, California 93721 |

**TO THE HONORABLE WHITNEY RIMEL, UNITED STATES BANKRUPTCY JUDGE; ROBERT HAWKINS, CHAPTER 7 TRUSTEE AND ALL OTHER INTERESTED PARTIES:**

COMES NOW **Fam Tr Farrington**, by and through their counsels, respectfully objects to the Trustee's motion to dismiss as the motion is not on point or valid.

**Background Information**

On January 24, 2011, **Fam Tr Farrington** filed Bankruptcy Case No.: 11-10776-A-7F, under Chapter 7 of the U.S. Bankruptcy Code with the permission of the Trustee, Rena Farrington.

The 341a Meeting of Creditors was held on March 3, 2011.  However, the Chapter 7 Trustee, Robert Hawkins, refused to hear the case because according to him, it was a moot point, why conduct a 341a hearing when the debtor is not a proper party?

On March 9, 2011, the Chapter 7 Trustee, Robert Hawkins filed DC No. RHT-1, TRUSTEE'S MOTION TO DISMISS CHAPTER 7 PROCEEDING.  This is filed as Doc 19 in the Docket, see Request for Judicial Notice Number 1, filed concurrently.

//

**Relevant Facts and Arguments**

**I.  Trustee's Position**

In paragraph 3 of DC No. RHT-1, TRUSTEE'S MOTION TO DISMISS CHAPTER 7 PROCEEDING (see Exhibit "1"), Trustee moves for dismissal of the above captioned proceeding on the grounds that the petitioner is not a debtor pursuant to 11 USC §109(b), specifically stating who may be a debtor.  Trustee wrote that, "only a person that resides or has a domicile, a place of business or property in the United States, or a municipality may be a debtor under Title 11.  Further, 11 U.S.C. §§ 101 defines a person as an individual, partnership, and corporation."

//

**II. Debtor's Position**

We contend Farrington Fam Tr is acting like a corporation because it has the power of sale, reconveyance, it can hold title, and it can convey

ownership without probate. All of these powers are sanctioned by the State of California.

Furthermore, Farrington Fam Tr trust is a 'legal entity.' Under Title 11, Chapter 1 § 101(15) the term "entity" is defined to include person, estate, trust, governmental unit.

//

### III. Motion Conclusion

Fam Tr Farrington acquired assets and incurred liability as illustrated by the secured debt extended to it.

In California, a Deed of Trust (herein "DOT") is used as security instrument for the debt listed in the Bankruptcy schedule. Unlike other mortgage states, the DOT requires conveyance power of sale to the trustee under the terms of the DOT.

Therefore, Farrington Fam Tr is acting like a legal entity much like a corporation and as such is defined as a person under 11 U.S.C. §§ 101(41).

Moreover, 11 U.S.C. §§ 101(41) continues to state: . . . "but does not include governmental unit, except that a governmental unit that-- (A) acquires an asset from a person-- . . ."  We contend that Fam Tr Farrington is also a person under this current definition because it acquired an asset from a person.

While 11 USC 109(b) specifically stated who may not be a debtor under chapter 7, Farrington Fam Tr does not fall into this category.

Therefore, Farrington Fam Tr clearly conducted business in acquiring assets and incurring liability within the limit of 11 USC 109(b).

For the above reasons, Debtor Fam Tr Farrington, by and through their counsels, respectfully requests this Court to rule against the Trustee and allow the Bankruptcy Case No. 11-10776-A-7F to proceed, so Debtor may avail

herself to the protections of the United States Bankruptcy Court.

DATED this 17th day of March 2011.

Respectfully Submitted;

*[signature]*

Gary Harre
Diane Beall
Attorneys for Debtor, Fam Tr Farrington