FILED
March 22, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003365617

4

MARK L. POPE, #182769
Assistant United States Trustee
GREGORY S. POWELL #182199
ROBIN TUBESING #26680-49 [Indiana]
United States Department of Justice
Office of the United States Trustee
2500 Tulare Street, Suite 1401
Fresno, CA 93721
Telephone: (559) 487-5002
Telecopier: (559) 487-5030

Attorneys for August B. Landis,
Acting United States Trustee

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| In re:<br><br>FARRINGTON FAMILY TRUST,<br><br><br><br><br><br>Debtor. | Case No. 11-10776-A-7<br>Chapter 7<br><br>DC No. UST-1<br><br>Date: April 6, 2011<br>Time: 9:00 a.m.<br>Place: U.S. Bankruptcy Court<br>      2500 Tulare Street, Fifth Floor<br>      Courtroom 11<br>      Fresno, California<br>Judge: Whitney Rimel |

**UNITED STATES TRUSTEE'S MOTION
FOR REVIEW OF FEES PURSUANT TO 11 U.S.C. § 329**

TO THE HONORABLE WHITNEY RIMEL, UNITED STATES BANKRUPTCY JUDGE:

    August B. Landis, the Acting United States Trustee, files this motion for review of fees pursuant to 11 U.S.C. § 329(b) ("the Motion") as follows:

    1. The Motion requests that fees paid to bankruptcy counsel for Farrington Family Trustee, ("the Debtor"), Barry S. Fagan, Esq. ("Fagan") and/or Gary Harre, Esq. ("Harre"), be reviewed and ordered disgorged, and any agreement cancelled, pursuant to 11 U.S.C. §329(b) and Rule 2017 of the Federal Rules of Bankruptcy Procedure.

//

//

1

# I. STATEMENT OF FACTS

2. A voluntary petition under chapter 7 was filed by Farrington Family Trust ("the Debtor") with Rena E. Johnston-Farrington as Trustee, on January 24, 2011. Robert Hawkins was appointed chapter 7 trustee ("the Trustee"). Request for Judicial Notice in Support of United States Trustee's Motion for Review of Fees Pursuant to 11 U.S.C. § 329 (hereafter RJN), Exhibit 1 at 1. Barry S. Fagan, of Global Capital Law, PC, signed the petition as attorney for the Debtor. RJN, Exhibit 1, at 7.

3. The Statement of Financial Affairs, Item #9, and the Statement Pursuant to Rule 2016(a) both indicate the Debtor paid attorney Gary Harre $2,150 for services rendered in connection with this case. RJN, Exhibit 1, at 13 and 14.

4. The Schedules show a single family house at 50670 Hidden Hills Road, Oakhurst, California, valued at $200,000 as the only asset in the case. RJN, Exhibit 1, at 11. They show a secured loan by Chase Bank in the amount of $282,852 as the only debt. RJN, Exhibit 1, at 12.

5. On March 8, 2011, the Trustee filed his Motion to Dismiss Proceedings on the ground that the Debtor is not a "person" and is, therefore, not eligible to be a debtor in this case. RJN, Exhibit 1, at 3.

## A. AUTHORITY AND ARGUMENT

6. Section 329(b) of the Bankruptcy Code provides that where an attorney's agreement for compensation in connection with a case:

> "exceeds the reasonable value of any such services, the court may cancel any such agreement, or order the return of any such payment, to the extent excessive, to –
> (1) the estate, if the property transferred –
>   (A) would have been property of the estate; or
>   (B) was to be paid by or on behalf of the debtor under a plan under chapter 11, 12, or 13 of this title; or
> (2) the entity that made such payment."

11 U.S.C. §329(b)

7. Rule 2017(a) of the Federal Rules of Bankruptcy Procedure further provides that on motion of any party in interest or on the court's own initiative, after notice and a hearing, the

court may determine whether any payment of money or any transfer of property made by a debtor in contemplation of the filing of a bankruptcy petition to an attorney, for services rendered or to be rendered, is excessive.

8. It is well recognized that "an attorney is presumed to know the law, and it is incumbent upon an attorney to know the law in an area in which he is practicing, particularly when rendering legal advice." *Matter of Gettys* 205 B.R. 515, 524 (Bkrtcy.S.D.Ohio 1997); *see also Sica v. United States*, 325 F.2d 831, 836 (9th Cir.1963) (attorneys are expected to know the law of the case they are trying.)

9. The initial burden under section 329(b) is on the attorney to justify the compensation charged in connection with a bankruptcy case. *In re Jackson*, 253 F.3d 438, 443 (9th Cir. 2001); *In re Mahendra*, 131 F.3d 750, 757 (8th Cir. 1997); *In re Bashan*, 208 B.R. 926, 931-932 (B.A.P. 9th Cir. 1997); *In re Xebec* 147 B.R. 518, 524 (B.A.P. 9th Cir. 1992). The court has broad discretion under section 329(b) to disallow and require disgorgement of attorney compensation found to be excessive. *In re Clark,* 223 F3d 859, 863 (8th Cir. 2000).

10. The Debtor is a non-business trust whose obvious purpose is to hold or conserve property. The usual purpose of a business trust, which may file for bankruptcy, is not to hold or conserve property, but to provide a consensual medium to transact business and share profits. *In re Sung Soo Run Irrevocable Trust*, 177 B.R. 673 (Bankr. C.D. Cal. 1995). A non-business trust is not a "person" and so is not qualified to be a debtor under 11 U.S.C. § 109(a). 11 U.S.C. § 101(9)(A)(v); *In re Hunt*, 160 B.R. 131 (Bankr. 9th Cir. 1993).

11. Because the Debtor is not eligible to be a debtor under chapter 7, the case must be dismissed which means the Debtor will have received no benefit from Fagan's and/or Horrc's services. Under all the circumstances, Fagan's and Harre's fees of $2,150 are excessive for the services rendered, and should be disgorged in their entirety. 11 U.S.C. §329(b) and Fed. R. Bankr. P. 2017; *see also Matter of Grant*, 14 B.R. 567, 569 (Bankr.S.D.N.Y.1981) - "Where an attorney in a bankruptcy case fails to perform competently and efficiently those legal services for which a debtor has contracted, it is appropriate for the Court to review the compensation

arrangement and, among other things, to direct a remittance to the debtor in a no-asset Chapter 7 case."

## Conclusion

WHEREFORE, based on the above, the United States Trustee respectfully requests that this Court review Fagan's and Harre's fees, order disgorgement of all fees paid to Fagan and Horrc in this case, cancel any agreement for the payment of fees relating to this case, and that the United States Trustee have such other and further relief as is just and proper.

DATED: March 22, 2011                    Respectfully submitted,


By:    /s/
       Mark L. Pope
       Attorney for August B. Landis,
       Acting United States Trustee

Efiled by Mark L. Pope
       Direct phone: 559-487-5002, Ext. 240
       E-mail: mark.pope@usdoj.gov