FILED
August 16, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003704968

BARRY FAGAN, CBN 160104
PO BOX 1213,
MALIBU, CA 90265
TELEPHONE: (310) 717-1790
FACSIMILE: (310) 456-6447
EMAIL: JAG90265@YAHOO.COM

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re:<br><br>FARRINGTON FAMILY TRUST,<br><br>debtor(s) | Case No. 11-10776<br><br>CHAPTER 7<br><br>NOTICE OF MOTION & MOTION FOR RELIEF FROM DISGORGMENT ORDER PURSUANT TO FRCP 60(b) made applicable by Rule *9024* of the *Federal Rules of Bankruptcy Procedure*.<br><br>[FRCP 60(b)(3),60(b)(6)]<br><br>Hearing Date: September 27, 2011<br>Time:            2:30pm |

**NOTICE OF MOTION AND MOTION** TO THE HONORABLE WHITNEY RIMEL, UNITED STATES BANKRUPTCY JUDGE, AND ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Attorney Barry S. Fagan hereby moves for a Court Order to grant relief from the May 19, 2011 JOINT AND SEVERAL Disgorgement Order against Barry Fagan and Gary Harre pursuant to Federal Rule of Civil Procedure 60(b) made applicable by Rule *9024* of the *Federal Rules of Bankruptcy Procedure*. The hearing of the motion is set to September 27, 2011, 2:30 pm, or any other time ordered by the Court.

This motion is based upon this Notice, the following Points and Authorities, the Declaration of Barry S. Fagan ("Fagan Decl."), the evidence submitted with this motion, and such further

evidence and argument as may be presented to the Court at or before the hearing.

WHEREFORE, Movant respectfully request this Court to vacate it's previous disgorgement order against Barry Fagan in the above described case so that Attorney Gary Harre can be INDIVIDUALLY responsible for this financial obligation to Rena Johnston-Farrington.

## MEMORANDUM OF POINTS AND AUTHORITIES

**A.   GROUNDS FOR SEEKING RELIEF FROM FINAL JUDGMENT, ORDER OR PROCEEDING.**

F.R.C.P. Rule 60 provides, in pertinent part:

**(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.**

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1)   mistake, inadvertence, surprise, or excusable neglect;

(2)   newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or any other reason that justifies relief.

**(c)Timing and Effect of the Motion.**

(1) Timing.

A motion under Rule 60(b) must be made within a reasonable time — and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.

(2) Effect on Finality.

The motion does not affect the judgment's finality or suspend its operation. Movant's motion is premised upon Federal Rule of Civil Procedure, Rules 60(b) and (4). Movant's Motion has been filed before the expiration of the one year limitation for filing such motions.

**d. Judgment/Order should be vacated because of misrepresentation, deceptive conduct and misconduct by Gary Harre, Global; Capital Law and Trustee Mark Pope.**

A Court may relieve a party from a final judgment or order for the following reason: "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party" Federal Rule of Civil Procedure 60(b)(3). "To prevail, the moving party must prove by clear and convincing evidence that the verdict was obtained through fraud, misrepresentation, or other misconduct and the conduct complained of prevented the losing party from fully and fairly presenting the defense." *De Saracho v. Custom Food Machinery, Inc.*, 206 F.3d 874, 880 (9th Cir. 2000).

The bankruptcy court as a court of equity has the power to look through the form to the substance of a transaction in order to prevent abuses of the bankruptcy process. Bankruptcy Code § 105(a). The Ninth Circuit stated that "as courts of equity, bankruptcy courts 'will look through the form to the substance of any particular transaction and may contrive new remedies when those in law are inadequate . . . .'" In re Global Western Development Corp., 759 F.2d 724, 727 (9th Cir. 1985) (quoting In re Madeline Marie Nursing Homes, 694 F.2d 433, 436 (6th Cir. 1982)).

**STANDARD OF REVIEW FOR MOTIONS FOR RELIEF FROM COURT ORDERS BASED ON A CLAIM OF MISTAKE, INADVERTENCE, SURPRISE OR EXCUSABLE NEGLECT.**

"Federal Rule of Civil Procedure 60(b)(1) provides as follows: "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: mistake, inadvertence, surprise, or excusable neglect." Excusable neglect

"encompass[es] situations in which the failure to comply with a filing deadline is attributable to negligence," Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd., 507 U.S. 380, 394 (1993), and includes "omissions caused by carelessness," id. at 388. The determination of whether neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." Id. at 395. To determine when neglect is excusable, we conduct the equitable analysis specified in Pioneer by examining "at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." Bateman, 231 F.3d at 1223-24 (citing 9Pioneer, 507 U.S. at 395). Although Pioneer involved excusable neglect under Federal Rule of Bankruptcy Procedure 9006(b), in Briones v. Riviera Hotel & Casino, 116 F.3d 379 (9th 11Cir. 1997), we concluded that the Pioneer standard governs analysis of excusable neglect under Rule 60(b)(1). See id. at 381." Lemoge v. United States of America (9th Cir. 2009) 587 F. 13 3d 1190 at 1192. Although the application of Rule 60(b) is committed to the discretion of the district courts and is therefore reviewable in this Court only for abuse of discretion, United States v. Skyline Terrace, 26 F.3d 923, 929 (9th Cir.1994), this Court has admonished that, as a general matter, Rule 60(b) is "remedial in nature and ... must be liberally applied." Falk v. Allen, 739 F.2d 461, 463 (9th Cir.1984) (per curiam).

In this particular case, the Movant had taken formal steps to notify this Court back on Feb. 18, 2011 when he telephoned the Eastern Districts Clerk's office to inform them of his cancelling all passwords known by Global Capital Law for Movant's ECF filing capabilities and to further inform the Clerks Office that he was no longer associated in any way with Global Capital Law. Attached hereto and made a part hereof as **"exhibit A"**, is an email dated February 18, 2011 telling Global Capital law to CEASE and DESIST from any further attempt to log onto Movant's ECF account. Attached hereto and made a part hereof as **"exhibit B"** is a Global Capital Law letter

dated February 18, 2011 which categorically states that Movant is no longer associated in any way with Global Capital Law as of February 15, 2011. Attached hereto and made a part hereof as **"exhibit C"** is a Declaration dated August 13, 2011 from Attorney Marshall Mashougian declaring that he was told by Global Capital Law that Movant was the attorney of record in this case for a March 3, 2011 341 hearing knowing full well that this was absolutely untrue. Marshall Mashougian also declared under penalty of perjury that he never ever made a special appearance on May 18, 2011 despite Assistant United States Trustee Mark L. Pope's (#182769) written Order for the court stating specifically that Marshall Mashougian appeared specially for Movant Barry Fagan and Gary Harre of Global Capital Law. Attached hereto and made a part hereof **"Exhibit D" Court Order**. This too was absolutely untrue as clearly indicated in Marshall Mashougians August 13, 2011 exhibit C Declaration. Gary Harre and Global Capital Law were always Rena Farrington's attorneys and the alleged $5,500 retainer agreement that was entered into on January 10, 2011, was almost two weeks prior to Movant even beginning work at Global Capital Law proves just that. Movant Barry Fagan never retained Rena Farrington, never met Rena Farrington, and most importantly was NEVER paid ANYTHING from Rena Farrington, nor did Movant ever have access to any of Global Capital Law's funds. Attached hereto and made a part hereof as **"exhibit E"** is an Eastern District ECF application which specifically states that Movant Barry Fagan was applying as an employee of the firm Global Capital Law and even used the Global Capital Law's email address for all electronic notifications. Rena Farrington's Bankruptcy petition was filed using Movant's name, however was done so always as a member of the Global Capital Law firm and never as her independent attorney. All of Ms. Farrington local special appearances were paid for, and arranged by Global Capital Law, and when Movant changed all of his ECF passwords Global Capital Law and Gary Harre were required to apply for another ECF password. ALL moving papers filed after February 15, 2011 was done so by Global Capital Law and Gary Harre. So

Movant truly believed that he did everything required of him in order to STOP all future filings and representations of Rena Farrington and The Farrington Family Trust.

Moreover, attached hereto and made a part hereof as **"exhibit F"** are numerous letters dated between February 20, 2011 and August 8, 2011 addressed to the State Bar Of California and the California Attorney General's office specifically addressing what Movant believed to be both ongoing Fraud upon both the Court and Public by Gary Harre, Global Capital law and an unlicensed individual by the name of Paul Nguyen. Movant was be being very proactive in bringing these issues to the proper authorities attention and was told that Mr. Harre was aware of my complaints against him. Movant truly believed that Gary Harre and Global Capital Law were solely responsible for Rena Farrington's continued representation and had been told personally by Marshall Mashougian that Global Capital Law had filed a timely appeal concerning the May 19, 2011 Disgorgement Order. Movant had believed that his February 18, 2011 contact with the Eastern District Clerk's office along with the changing of all of his ECF passwords would have been all that was required of him in order to completely disassociate himself from Global Capital Law and its clients. This along with Global Capital Law's fraudulent intent to not formally inform the court of Movant's absence from the firm since February 15, 2011, and the Trustee's overzealous desire to include Movant in the May 19, 2011 Disgorgement Order along with the false impression that Marshall Mashougian was specially appearing on Movant's behalf has lead to this unjust result against Movant.

///

///

///

///

///

1
2  For the above reasons, Movant Barry Fagan respectfully requests this Court to vacate its
3  May 19, 2011 Disgorgement Order against Movant Barry Fagan in case No. **11-100776** and Order
4  Gary Harre to be Individually responsible for the repayment of $5,500 to Rena Farrington.
5  DATED this 16th day of August, 2011.

Respectfully Submitted;

_/s/BarryFagan_____
Barry S. Fagan Esq. Movant

# CERTIFICATE OF SERVICE

I am over the age of 18 and not a party to the above referenced action. My address is 20475 Roca Chica dr. Malibu, CA 90265.

On Aug. 16, 2011 A **MOTION FOR RELIEF FROM DISGORGMENT ORDER PURSUANT TO FRCP 60(b)** made applicable by Rule *9024* of the *Federal Rules of Bankruptcy Procedure*. [FRCP 60(b)(3),60(b)(6)] **WAS SERVED ON THE FOLLOWING:**

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)** B Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via "NEF" and hyperlink to the Motion with Exhibits. As of **August 2011**, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

Mark L. Pope, Assistant United States Trustee
mark.pope@usdoj.gov

**II. SERVED BY FIRST CLASS U.S. MAIL:** A copy of this, Notice, Motion, and Declaration with Exhibits was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

| | |
|---|---|
| Hon. Judge WHITNEY RIMEL<br>US BANKRUPTCY COURT<br>2500 Tulare Street, Fifth Floor<br>Department A, Courtroom 11<br>Fresno, CA 93721 | Gary Harre Esq./Global Capital Law<br>8700 Warner Avenue, Suite 200<br>Fountain Valley, CA 92708 |
| Farrington Family Trust<br>c/o Rena Farrington<br>PO Box 3678<br>Oakhurst, CA 92708 | Robert Hawkins, Esq.<br>Chapter 7 Trustee<br>1849 N. Helm, #110<br>Fresno, CA 93727 |

☐ Service information continued on attached page

**I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct.**

**Executed at Malibu, CA on August 16, 2011.**

**/s/TovaFagan**
**By: Tova Fagan**